IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND KIM, ET AL., | ) CIVIL NO. 19-00463 JMS-WRP |
| | ) |
| Plaintiffs, | ) FINDINGS AND |
| | ) RECOMMENDATION TO GRANT |
| vs. | ) PLAINTIFFS' MOTION FOR |
| | ) REMAND |
| QUEENS MEDICAL CENTER, ET AL., | ) |
| | ) |
| Defendants. | ) |
| | ) |

FINDINGS AND RECOMMENDATION TO
GRANT PLAINTIFFS' MOTION FOR REMAND

Before the Court is Plaintiffs' Motion for Remand, filed on September 9, 2019 (Motion). See ECF No. 12. In the Motion, Plaintiffs argue that Defendant Center for Medicare and Medicaid Services' (CMS) removal of this action is untimely because it was removed more than thirty days after CMS received notice of the grounds for removal. See ECF No. 7-1. CMS filed a Response to the Motion on September 30, 2019. See ECF No. 13. Plaintiffs filed their Reply on October 21, 2019. See ECF No. 14. The Court VACATES the Hearing set for November 8, 2019 and finds the Motion suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii. See ECF No. 10. The Court FINDS AND

RECOMMENDS that Plaintiffs' Motion be GRANTED.[1]

BACKGROUND

Plaintiffs, the parents of decedent Brian Kim, filed this action in Hawaii state court against the Queen's Medical Center, the doctor, and the nurse that treated their son after he was injured in 2012.  See ECF No. 9-4.  The parties proceeded with this litigation in Hawaii state court from October 2015 through April 2019.  See ECF Nos. 9-2 and 12-2 (indices of state court filings).  On April 10, 2019, the state court entered a Stipulated Order Re: Damages, stating that "there was no alleged negligence of the Defendants in this action, including but not limited to the timing of the surgical intervention, [which] was not a legal cause of any expenses for medical and health care services, nor any loss of future earnings, incurred by the Plaintiffs in this action, and that the medical care and treatment provided to Brian Kim were appropriate and necessary due to Mr. Kim's fall."  ECF No. 12-25 at 2.

On July 22, 2019, Plaintiffs filed in state court a Motion to Find CMS Medicare Lien Non-Recoverable (Lien Motion).  See ECF No. 12-27.  In the Lien

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

Motion, Plaintiffs detail that they have been in contact with CMS since October 2018 regarding CMS's claim that Medicare made payment for medical services that Medicare believes were related to Plaintiffs' litigation. See id. at 5-6. Plaintiffs state that they have attempted to resolve the issue with CMS without success. See id. at 6-7. In the Lien Motion, Plaintiffs asked the court to enter an order finding that Medicare is not entitled to assert its lien in the amount of $346,051.38 against the settlement that Plaintiffs entered into with Defendants. See id. at 7-10.

Plaintiffs mailed a copy of the Lien Motion to CMS at its San Francisco Regional Office on July 17, 2019. See ECF No. 12-27 at 64. Plaintiffs filed an amended notice of hearing, noting that the Lien Motion was set for hearing on August 19, 2019, and mailed a copy of the notice to CMS at its San Francisco Regional office on July 25, 2019. See ECF No. 12-29 at 3. The Lien Motion was heard in state court on August 19, 2019, at 9:00 a.m. See ECF No. 12-31 at 2.

At 9:49 a.m. on August 29, 2019, CMS filed a Notice of Removal in this court. See ECF No. 1. At 12:46 p.m. on August 29, 2019, CMS filed a Notice of Filing of Notice of Removal in the state court. See ECF No. 12-30. At 4:03 p.m. on August 29, 2019, the state court entered an Order Granting Plaintiffs' Motion to Find CMS/Medicare Lien Non-Recoverable. See ECF No. 12-31.

In its Notice of Removal, CMS states that removal is based on

Plaintiffs' Lien Motion.  See ECF No. 1 at 2.  CMS acknowledges that a copy of the Lien Motion "was provided to the United States Attorney on or about July 22, 2019" and that removal is proper based on the federal agency removal statute.  Id.

## DISCUSSION

Remand to state court may be ordered for any defect in removal procedure.  See 28 U.S.C. § 1447(c).  A defendant who invokes the federal court's removal jurisdiction has the burden of establishing federal jurisdiction.  See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921)).  CMS removed the case pursuant to the federal agencies removal statute, 28 U.S.C. § 1442(a)(1).  See ECF No. 1.

The federal agencies removal statute in Section 1442 authorizes the removal of any state court proceeding that is directed to a federal agency.  See 28 U.S.C. § 1442(a)(1), (d).  Generally, there is a strong presumption against removal jurisdiction and removal statutes are to be construed strictly against removal.  See Gaus v. Miles, Inc., 980 F.2d 564, 566–67 (9th Cir. 1992).  However, the federal agencies removal statute is an exception to this rule.  See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252 (9th Cir. 2006).  The Ninth Circuit has acknowledged "a clear command from both Congress and the Supreme Court that when federal officers and their agents are seeking a federal forum, we are to

4

interpret section 1442 broadly in favor of removal." Id.

"After a defendant learns that an action is removable, he has thirty days to remove the case to federal court." Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1250 (9th Cir. 2006) (citing 28 U.S.C. § 1446(b)).  A defendant may learn that an action is removable from (i) the initial pleading or (ii) otherwise from a "motion … or other paper" in the case.  Compare 28 U.S.C. § 1446(b)(1) with id. § 1446(b)(3).  If the eligibility for removal is evident from the initial pleading, the thirty-day time period for removal begins when the defendant is *served* with that initial pleading.  See id. § 1446(b)(1); see also Murphy Bros. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-58 (1999) (holding that formal service of the initial pleading is required).  Otherwise, the thirty-day time period begins when the defendant *receives* "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

Here, CMS could not have ascertained that the case was removable from the initial pleading.  This is a medical negligence action between residents of Hawaii with no federal claim asserted in the Complaint.  See ECF No. 9-4.  Thus, Section 1446(b)(1) does not apply.

Plaintiffs argue in the Motion that CMS's removal was not timely because it was more than thirty days after CMS received the Lien Motion, from

which CMS could ascertain that the case was removable under Section 1446(b)(3). Plaintiffs point out that CMS acknowledged that their Notice of Removal *was based on* the Lien Motion. See ECF No. 1 at 2. Plaintiffs further argue that CMS removed the case on the same date that the state court entered an Order Granting Plaintiffs' Motion to Find CMS/Medicare Lien Non-Recoverable.

CMS counters that removal was timely because the time for removal does not begin until CMS is formally served pursuant to Federal Rule of Civil Procedure 4, which has not yet occurred. See ECF No. 13 at 2-4. CMS fails to cite any controlling authority to support its argument. The Court rejects CMS's argument for two reasons.

First, CMS's reliance on the Federal Rules of Civil Procedure is misplaced. See ECF No. 13 at 3-4. Because this action was pending in Hawaii state court, service of the Lien Motion was governed by the Hawaii Rules of Civil Procedure. See Murphy Bros., 526 U.S. at 354. Under Rule 5 of the Hawaii Rules of Civil Procedure, a "written motion" must be served by "mailing it to the attorney or party at the attorney's or party's last known address." Haw. R. Civ. P. 5(b). Here, CMS does not dispute that Plaintiffs *mailed* a copy of the Lien Motion to CMS's Regional Offices and the United States Attorney *received* it on July 22, 2019. See ECF No. 1, Notice of Removal, at 2. Accordingly, Plaintiffs complied with Hawaii law.

6

Second, CMS's argument that "formal service," as opposed to mere "receipt" of the Lien Motion, is unsupported in the law.[1] CMS's argument conflates removal based on an initial pleading under Section 1446(b)(1) and removal based on a "motion … or other paper from which it may first be ascertained that the case is one which is or has become removable" under Section 1446(b)(3). The thirty-day window for removal triggered by an initial pleading under Section 1446(b)(1) ***does*** require formal service of the summons and complaint. See Murphy Bros., 526 U.S. at 347-58. Yet, the second thirty-day window for removal triggered by the ***receipt***[2] of a "motion… or other paper" under Section 1446(b)(3) ***does not*** require formal service. 28 U.S.C. § 1446(b)(3).

Accordingly, the Court finds that the thirty-day removal period after receipt of a motion under Section 1446(b)(3) applies here. The Court finds that

---

[1] While there is no published Ninth Circuit authority on this issue, a district court in the Ninth Circuit rejected a similar argument. See Jaback v. Am. Baler Co., No. C13-1119 RAJ, 2013 WL 12121126, at *2 (W.D. Wash. Aug. 29, 2013). The Jaback Court rejected a defense argument similar to CMS's argument here, by finding that "[n]either the holding in Murphy Bros. nor the reasoning underlying it supports the notion that *service* of an 'other paper,' filed after formal service of the complaint is the sole trigger for the removal period, as opposed to *receipt* of that paper." Id. (emphasis added)

[2] See, e.g., Durham, 445 F.3d at 1251 (holding that the time for removal began when the defendant *received* the plaintiff's interrogatories responses); Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 696 (9th Cir. 2005) (holding that the time for removal began when defendants *received* a letter from plaintiff indicating that it had abandoned its claim against the only non-diverse defendant); Jaback, 2013 WL 12121126, at *2 (finding that *receipt* of "other paper" under Section 1446(b)(3) was the trigger for the 30-day removal time limit).

CMS could ascertain that the case was removable based on the Lien Motion and, at the latest, the thirty-day clock began when CMS received a copy of the Lien Motion on July 22, 2019.  See ECF No. 1 at 2.  Because CMS filed its Notice of Removal on August 29, 2019, *thirty-eight days after* it received a copy of the Lien Motion, this action must be remanded.  Accordingly, the Court FINDS AND RECOMMENDS that the Motion be GRANTED.

## CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiffs' Motion for Remand be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, OCTOBER 29, 2019.



Wes Reber Porter
United States Magistrate Judge

**KIM, ET AL. vs. QUEENS MEDICAL CENTER, ET AL.; CIVIL NO. 19-00463 JMS-WRP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR REMAND**