IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND KIM, ET AL.,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>QUEENS MEDICAL CENTER, ET AL.,<br><br>　　　　　Defendants. | CIVIL NO. 19-00463 JMS-WRP<br><br>ORDER DENYING CENTERS FOR MEDICARE AND MEDICAID SERVICES' MOTION FOR RECONSIDERATION OF FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR REMAND AND FINDINGS AND RECOMMENDATION TO GRANT CENTERS FOR MEDICARE AND MEDICAID SERVICES' FED. R. CIV. P. 12(B)(1) MOTION TO DISMISS |

ORDER DENYING CENTERS FOR MEDICARE AND MEDICAID SERVICES'
MOTION FOR RECONSIDERATION OF FINDINGS AND RECOMMENDATION
TO GRANT PLAINTIFFS' MOTION FOR REMAND AND FINDINGS AND
RECOMMENDATION TO GRANT CENTERS FOR MEDICARE AND
MEDICAID SERVICES' FED. R. CIV. P. 12(B)(1) MOTION TO DISMISS

This Order addresses two motions filed contemporaneously by Defendant Center for Medicare and Medicaid Services (CMS): a motion to reconsider this Court's Findings and Recommendation to grant Plaintiffs' Motion for Remand (Remand F&R) and a motion to dismiss for lack of subject matter jurisdiction. See ECF Nos. 16, 17. The Court found both Motions suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii. See ECF No. 18.

CMS could have moved to dismiss this action anytime after it was

removed to federal court.  Instead, CMS waited to file its motion to dismiss until fifteen days after this Court issued its Remand F&R.[1]  The two CMS Motions awkwardly result in conflicting recommendations from this Court for the district court to consider.

The Court FINDS AND RECOMMENDS that the Motion to Dismiss be GRANTED (Dismiss F&R).[2]  But the Court also DENIES the Motion for Reconsideration of its Remand F&R as untimely and unavailing.  Thus, the Court recommends dismissal to the district court, *while* this Court's Remand F&R remains with the district court.  Due to the timing of CMS's two Motions, this Court simultaneously recommends remand on procedural grounds (Remand F&R) and dismissal on substantive grounds (Dismiss F&R).  The Court found no authority to support one recommendation over the other under these circumstances.

Ultimately, this Court recommends that the district court dismiss this matter for lack of subject matter jurisdiction by adopting the Dismiss F&R.  The

---

[1] On October 29, 2019, this Court issued the Remand F&R.  See ECF No. 15.  Fifteen days after the Court issued its Remand F&R, CMS filed a Motion for Reconsideration of the Remand F&R *and* a Motion to Dismiss for lack of subject matter jurisdiction.  See ECF Nos. 16, 17.

[2] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

district court then could find that the Remand F&R is moot or no longer appropriately before the court.

## BACKGROUND

Plaintiffs, the parents of decedent Brian Kim, filed this action in Hawaii state court on October 15, 2015, against the Queen's Medical Center, the doctor, and the nurse that treated their son after he was injured in 2012. See ECF No. 9-4. The parties proceeded with this litigation in Hawaii state court from October 2015 through April 2019. See ECF Nos. 9-2 and 12-2 (indices of state court filings). On April 10, 2019, the state court entered a Stipulated Order Re: Damages, stating that "there was no alleged negligence of the Defendants in this action, including but not limited to the timing of the surgical intervention, [which] was not a legal cause of any expenses for medical and health care services, nor any loss of future earnings, incurred by the Plaintiffs in this action, and that the medical care and treatment provided to Brian Kim were appropriate and necessary due to Mr. Kim's fall." See ECF No. 12-25 at 2.

On July 22, 2019, Plaintiffs filed in state court a Motion to Find CMS Medicare Lien Non-Recoverable (Lien Motion).³ See ECF No. 12-27. In the Lien

---

³ Although both parties refer to the motion as the "Lien Motion," CMS did not in fact assert a lien against Plaintiffs' settlement proceeds. Instead, CMS communicated to Plaintiffs its priority right to recover the conditional payments that were made on behalf of decedent by Medicare, which may be subject to reimbursement from the settlement proceeds under the MSP statute, 42

Motion, Plaintiffs stated that they have been in contact with CMS since October 2018 regarding CMS's claim that Medicare made payment for medical services that it believes were related to Plaintiffs' litigation and that Medicare has a priority right of recovery under the Medicare Secondary Payer (MSP) statute.  See id. at 5-6.  Plaintiffs state that they have attempted to resolve the issue with CMS without success.  See id. at 6-7.  Plaintiffs asked the state court to enter an order finding that Medicare is not entitled to assert its lien in the amount of $346,051.38 against the settlement that Plaintiffs entered into with Defendants and that the "lien asserted by CMS/Medicare is invalid and therefore waived."  See id. at 7-10.  In support of its argument, Plaintiffs cited the relevant provisions of the United States Code and portions of the MSP Manuel.  See id. (citing 42 U.S.C. § 1395y and MSP Manual Ch. 7, § 50.4.4).

        Plaintiffs mailed a copy of the Lien Motion to CMS at its San Francisco Regional Office on July 17, 2019.  See ECF No. 12-27 at 64.  Plaintiffs filed an amended notice of hearing, noting that the Lien Motion was set for hearing on August 19, 2019, and mailed a copy of that notice to CMS at its San Francisco

---

U.S.C. § 1395y(b)(2).  See ECF No. 12-27.  Under the MSP statute, the United States may bring an action to recover conditional payments.  See 42 U.S.C. § 1395y(b)(2)(B)(iii).  "The MSP statute does not state that Medicare has a lien, it articulates Medicare's right [to seek reimbursement]."  Zinman v. Shalala, 835 F. Supp. 1163, 1171 (N.D. Cal. 1993), aff'd, 67 F.3d 841 (9th Cir. 1995).  Here, CMS has asserted its right to seek reimbursement, but has not yet filed an action for repayment under the MSP statute.

Regional office on July 25, 2019.  See ECF No. 12-29 at 3.  The Lien Motion was heard in state court on August 19, 2019, at 9:00 a.m.  See ECF No. 12-31 at 2.

At 9:49 a.m. on August 29, 2019, CMS filed a Notice of Removal in this court.  See ECF No. 1.  At 12:46 p.m. on August 29, 2019, CMS filed a Notice of Filing of Notice of Removal in the state court.  See ECF No. 12-30.  At 4:03 p.m. on August 29, 2019, the state court entered an Order Granting Plaintiffs' Motion to Find CMS/Medicare Lien Non-Recoverable, which was an order proposed and submitted by Plaintiffs' counsel.  See ECF No. 12-31.

In the Notice of Removal, CMS states that removal is based on Plaintiffs' Lien Motion.  See ECF No. 1 at 2.  CMS states that a copy of the Lien Motion "was provided to the United States Attorney on or about July 22, 2019."  Id.[4]  CMS states that removal is pursuant to the federal agencies removal statute, 28 U.S.C. § 1442(a)(1).  See ECF No. 1.  Section 1442 authorizes the removal of any state court proceeding that is directed to a federal agency.  See 28 U.S.C. § 1442(a)(1), (d).  Shortly after the case was removed, Plaintiffs filed a motion for remand asking the Court to remand this action because CMS's Notice of Removal was untimely.  See ECF No. 7.

On October 29, 2019, this Court issued its Remand F&R, which

---

[4] CMS states in its Motion for Reconsideration that this statement was erroneous and that "the sentence should have stated that the United States (through CMS) received the Lien Motion on July 22, 2019."  See ECF No. 17-1 at 6 n.1.

5

recommended granting Plaintiffs' motion for remand.  See ECF No. 15.  In the Remand F&R, the Court found that the thirty-day removal period under 28 U.S.C. § 1446(b)(6) applied and that CMS's Notice of Removal, filed thirty-eight days after it received a copy of the Lien Motion, was untimely.  See id. at 6-8.  Accordingly, this Court recommended that this action be remanded to state court.  Id. at 8.

Fifteen days after the Court issued its Remand F&R, CMS filed a Motion for Reconsideration of the Remand F&R and a Motion to Dismiss.  See ECF Nos. 16, 17.

## DISCUSSION

### I. CMS's Motion for Reconsideration is DENIED

In its Motion for Reconsideration, CMS argues that reconsideration of the Remand F&R is appropriate based on a manifest error of law.  See ECF No. 17-1 at 8-17.  Under Local Rule 60.1, motions for reconsideration based on an error of law "must be filed and served within fourteen (14) days after the court's order is issued."  LR60.1.  The Remand F&R was filed on October 29, 2019.  See ECF No. 15.  CMS's Motion for Reconsideration was filed on November 13, 2019, fifteen days after the F&R was filed.  Accordingly, CMS's Motion for

Reconsideration is untimely and is DENIED.[5]

Even if the Court were to set aside the issue of timeliness, CMS asserts two bases for granting reconsideration which are unavailing. First, CMS argues that reconsideration is appropriate because the Court should have dismissed the action for lack of subject matter jurisdiction before ruling on Plaintiffs' motion for remand. See ECF No. 17-1 at 6-8. Notably, CMS did not raise the issue of subject matter jurisdiction at any time during the briefing on Plaintiffs' motion for remand. See ECF No. 13. CMS fails to cite any authority to support this expansive view of manifest error in law. None of the cases cited by CMS support its argument that, *sua sponte*, the Court must consider subject matter jurisdiction **before** the Court decides a motion for remand.[6] Similarly, CMS fails to provide any authority to support its argument that the Court *must* do so now as a reconsideration. CMS's reliance on Cox v. U.S. Department of Agriculture is not persuasive because, in that action, there was no dispute about the timely and proper

---

[5] Although Local Rule 74.1(d) provides that a reconsideration motion tolls the time for parties to file objections to a magistrate judge's findings and recommendations, the Local Rule is silent as to whether the time to file objections is tolled by untimely motions for reconsideration. See LR74.1(d).

[6] The cases cited by CMS do not have the same procedural posture of this case. That is, none of the cases cited by CMS involve a motion to dismiss for lack of jurisdiction filed more than two months after Plaintiffs timely filed a motion for remand. CMS failed to cite any authority to support filing a motion to dismiss fifteen days after the Court issued a findings and recommendation to grant remand.

removal of the action to federal court.  See 800 F.3d 1031, 1032 (9th Cir. 2015).  CMS's reliance on Fristoe v. Reynolds Metals Co. is likewise unpersuasive because the parties in that case waived their timeliness arguments.  See 615 F.2d 1209, 1212-13 (9th Cir. 1980).

    Here, Plaintiffs did not waive their arguments as to the timeliness of CMS's removal and Plaintiffs' motion for remand was based on that untimeliness.  See ECF No. 7.  The authorities cited by CMS do not require the Court to consider subject matter jurisdiction before remand based on an untimely Notice of Removal.  See ECF No. 17-1 at 7-8.  The case cited by CMS to support its arguments that dismissal can be granted even after a motion for remand has been filed, Luevano v. Dawoodbhai, is distinguishable because in that case the district court denied the motion for remand.  See 2018 WL 2315954, at *4 (C.D. Cal. May 18, 2018).  The Court finds that reconsideration is not appropriate on this basis.

    Second, CMS argues that the Court should reconsider its Remand F&R because the Court incorrectly determined that the thirty-day removal period under 28 U.S.C. § 1446(b)(6) applied.  See id. at 8-17.  This argument represents mere disagreement with this Court's findings.  Mere disagreement with a previous order is an insufficient basis for reconsideration.  See Leong v. Hilton Hotels Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988).  CMS does not raise any new legal arguments and the Court finds that reconsideration is not appropriate on this

basis either.  For these reasons, CMS's Motion for Reconsideration is DENIED.

## II.  If the District Court Declines to Order Remand, the Court FINDS AND RECOMMENDS that CMS's Motion to Dismiss be GRANTED

As discussed above, the procedural posture of this case presents unusual issues.  The timing of CMS's Motion to Dismiss and the untimeliness of its Motion for Reconsideration bring about two equally-supported paths for the district court.  The district court may decline to reach the merits of CMS's Motion to Dismiss if it adopts the Remand F&R; yet, for purposes of judicial efficiency, the Court may address the merits of CMS's Motion to Dismiss rendering the remand issue moot.  Both Motions are properly before the district court.

CMS moves to dismiss this action based on a lack of subject matter jurisdiction.  See ECF No. 16.  Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action based on a lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(b)(1).  CMS argues that dismissal under Rule 12(b)(1) is appropriate here under the derivative jurisdiction doctrine.  See ECF No. 16-1.  Under the derivative jurisdiction doctrine, the federal court's jurisdiction is derivative of the state court's jurisdiction in cases removed to federal court under Section 1442.  See Cox v. United States Dep't of Agric., 800 F.3d 1031, 1032 (9th Cir. 2015).  If the state court did not have subject matter jurisdiction, then the federal court lacks jurisdiction as well.  See id.; see also In re Elko Cty. Grand

9

Jury, 109 F.3d 554, 555 (9th Cir. 1997) (citations omitted).  If the federal court lacks jurisdiction, the proper remedy is to dismiss the case for lack of jurisdiction, not to remand the action to state court.  See Cox, 800 F.3d at 1032.

Here, CMS argues that the state court did not have jurisdiction over the Lien Motion and derivatively this Court lacks jurisdiction over this action.  See ECF No. 16-1 at 7-9.  CMS contends that the state court did not have subject matter jurisdiction over the Lien Motion because the United States has not waived its sovereign immunity.  See ECF No. 16-1 at 7-9.  "Although sovereign immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) is still a proper vehicle for invoking sovereign immunity from suit."  Pistor v. Garcia, 791 F.3d 1104, 1111 (9th Cir. 2015).

The Court finds that there has not been a waiver of sovereign immunity and that dismissal is appropriate.  In their Opposition, Plaintiffs argues that sovereign immunity does not apply because the Lien Motion was not a claim against CMS but was instead "fact-finding relating to causation."  ECF No. 19 at 14.  As such, Plaintiffs argue that federal sovereign immunity does not apply.  See id. at 14-21.  The Court rejects this argument.  "A suit against a federal agency which seeks relief against the sovereign is, in effect, a suit against the sovereign, and the principles of sovereign immunity apply to that agency."  Nelson v. Medi-Cal, 2016 WL 8731386, at *2 (E.D. Cal. 2016) (citing Larson v. Domestic &

Foreign Commerce Corp., 337 U.S. 682, 687–88 (1949)). The party who seeks relief carries the burden of showing an explicit waiver of sovereign immunity. See Dunn & Black, P.S. v. United States, 492 F.3d 1084, 1088 (9th Cir. 2007). Accordingly, the Court finds that the Lien Motion sought relief against CMS because it asked the state court to enter an order "finding that Medicare is not entitled to assert its lien." ECF No. 12-27 at 3. The Lien Motion asked the state court to determine that CMS had not demonstrated that it was entitled to seek reimbursement under the MSP statute. See id. at 7-10. The Lien Motion expressly asks the state court to find that CMS's claim "is invalid and therefore waived." Id. at 10. Based on the nature of the relief requested in the Lien Motion, the Court finds that the Lien Motion was a suit seeking relief against CMS, a federal agency, and therefore sovereign immunity applies.

Because Plaintiffs seek relief from CMS, it is Plaintiffs' burden to show an explicit waiver of sovereign immunity. See Dunn & Black, P.S., 492 F.3d at 1088. The Court finds that Plaintiffs have failed to meet this burden.

Plaintiffs argue that this Court should not apply sovereign immunity because sovereign immunity was not raised in "several cases" that also address state court orders regarding the amount that Medicare was entitled to recover from settlements. See ECF No. 19 at 17. Plaintiffs cite cases from the Eleventh Circuit, the Third Circuit, and the District of Maryland. See id. (citing Bradley v. Sebelius,

621 F.3d 1330 (11th Cir., 2010); Taransky v. Sec'y of U.S. Dep't of Health & Human Servs., 760 F.3d 307 (3d Cir. 2014); Weiss v. Azar, 2018 WL 6478025 (D. Md. Dec. 7, 2018)).  None of these cases are controlling or persuasive.  Sovereign immunity was not raised in the cases cited by Plaintiffs because the plaintiffs in all of those actions exhausted their federal administrative remedies against the Secretary of the U.S. Department of Health and Human Services under 42 U.S.C. § 405(g), which explicitly allows for judicial review of administrative determinations involving Medicare.  See Bradly, 621 F.3d at 1335; Taransky, 760 F.3d at 312,[7] Weiss, 2018 WL 6478025, at *3.  Here, Plaintiffs have not exhausted their administrative remedies against CMS therefore there is no waiver of sovereign immunity under Section 405(g).  Because Plaintiffs have not met their burden of showing that sovereign immunity has been waived and there does not appear to be any such waiver, the Court RECOMMENDS that CMS's Motion be

---

[7] Although Plaintiffs do not discuss the court's holding in Taransky, the decision does not support Plaintiffs' arguments in this action.  The Third Circuit held that the government ***could*** seek reimbursement from the plaintiff's settlement proceeds and that the plaintiff ***could not*** invoke the state court's order regarding allocation of her settlement proceeds because that order was "not on the merits" when the government did not respond to the underlying motion in state court and the state court order was issued pursuant to a stipulation between the parties and was prepared by the plaintiff's counsel.  See Taransky, 760 F.3d at 319-21.  As detailed above, CMS did not respond to the Lien Motion in state court, the state court issued a stipulated order regarding damages, and the state court's order on the Lien Motion was prepared and submitted by Plaintiffs' counsel.  See ECF Nos. 12-25, 12-31.

GRANTED.

## CONCLUSION

The Court DENIES the Centers For Medicare and Medicaid Services' Motion for Reconsideration of Findings and Recommendation to Grant Plaintiffs' Motion for Remand.

The Court FINDS and RECOMMENDS that the Centers For Medicare and Medicaid Services' Fed. R. Civ. P. 12(b)(1) Motion To Dismiss be GRANTED.

IT IS SO ORDERED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, DECEMBER 27, 2019.



Wes Reber Porter
United States Magistrate Judge

**KIM, ET AL. vs. QUEENS MEDICAL CENTER, ET AL.; CIVIL NO. 19-00463 JMS-WRP; ORDER DENYING CENTERS FOR MEDICARE AND MEDICAID SERVICES' MOTION FOR RECONSIDERATION OF FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR REMAND AND FINDINGS AND RECOMMENDATION TO GRANT CENTERS FOR MEDICARE AND MEDICAID SERVICES' FED. R. CIV. P. 12(B)(1) MOTION TO DISMISS**