IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RAYMOND KIM, et al.,<br><br>    Plaintiffs,<br><br>    vs.<br><br>QUEEN'S MEDICAL CENTER, et al.,<br><br>    Defendants. | Civ. No. 19-00463 JMS-WRP<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT CENTERS FOR MEDICARE AND MEDICAID SERVICES' MOTION TO DISMISS, ECF NO. 22; AND REMANDING REMAINING ACTION TO STATE COURT |

**<u>ORDER ADOPTING FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT CENTERS FOR MEDICARE AND MEDICAID SERVICES' MOTION TO DISMISS, ECF NO. 22; AND REMANDING REMAINING ACTION TO STATE COURT</u>**

**I. <u>INTRODUCTION</u>**

Two different but related Findings and Recommendations ("F&Rs") of United States Magistrate Judge Wes R. Porter are before this court for review under 28 U.S.C. § 636(b)(1) and Local Rule 74.1.[1]

First, in an October 29, 2019 F&R, Magistrate Judge Porter recommended granting Plaintiffs' Motion for Remand because Defendant Centers

---

[1] The relevant background and procedural history is correctly set forth in the two F&Rs, and the court need not repeat it here.

1

for Medicare and Medicaid Services ("the CMS") removed the "Lien Motion" over 30 days after the CMS received the Motion, in violation of 28 U.S.C. § 1446(b). *See* ECF No. 15. The CMS, an agency of the federal government, removed the action under the federal officer removal statute, 28 U.S.C. § 1442(a)(1). *See* ECF No. 1.

Second, on December 27, 2019, Magistrate Judge Porter issued a related F&R (in an order that also denied a motion for reconsideration of the October 29, 2019 F&R) that recommended granting the CMS's Motion to Dismiss for lack of subject-matter jurisdiction, ECF No. 16, based on the derivative jurisdiction doctrine. ECF No. 22. That recommendation recognized that dismissing the action as to the CMS would render moot the October 29, 2019 F&R and the corresponding motion to remand. *Id.* at PageID #1173-74. Therefore, the court will consider the two F&Rs together, as they essentially recommend alternative courses of action.

On January 10, 2020, Plaintiffs Raymond Kim, Beatrice Kim, and the estate of Brian Kim (collectively, "Plaintiffs") filed objections to the December 27, 2019 F&R, ECF No. 23, and the CMS filed a response to Plaintiffs' objections on January 24, 2020, ECF No. 24. The court decides the matter without a hearing under Local Rule 7.1(d).

Based on the following, the court ADOPTS the December 27, 2019 F&R and DISMISSES the action as to the CMS. The Motion to Remand the action as to the CMS is therefore MOOT.

## II. **STANDARD OF REVIEW**

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").

Under a de novo standard, this court reviews "the matter anew, the same as if it had not been heard before, and as if no decision previously had been rendered." *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988). The district court need not hold a de novo hearing; however, it is the court's obligation to arrive at its own independent conclusion about those portions of the magistrate judge's findings or recommendation to which a party objects. *United States v. Remsing*, 874 F.2d 614, 618 (9th Cir. 1989).

## III. DISCUSSION

The derivative jurisdiction doctrine applies in this case (or at least to the Lien Motion filed against the CMS as part of the underlying case), which was removed to federal court by the CMS, an agency of the United States, under 28 U.S.C. § 1442(a)(1). *See, e.g.*, *Cox v. United States Dep't of Agric.*, 800 F.3d 1031, 1032 (9th Cir. 2015)(Mem.)(per curiam); *In re Elko Cty. Grand Jury*, 109 F.3d 554, 555 (9th Cir. 1997). "[T]he long-standing derivative jurisdiction doctrine provides that if a state court lacks jurisdiction over a case, a federal court does not acquire jurisdiction on removal." *Rodriguez v. United States*, 788 F. App'x 535, 536 (9th Cir. 2019) (citations omitted). "Although Congress has abolished that doctrine with respect to the general removal statute, 28 U.S.C. § 1441(a), [the Ninth Circuit] has recently reaffirmed that the doctrine still applies to the federal officer removal statute." *Id.* (citing *Cox*, 800 F.3d at 1032). *See Glass v. Nat'l R.R. Passenger Corp.*, 570 F. Supp. 2d 1180, 1182-83 (C.D. Cal. 2008) (discussing 1986 and 2002 amendments to the removal statutes, concluding that Congress appeared to have abolished the derivative jurisdiction doctrine in 1986 with 28 U.S.C. § 1441(f), but clarified in 2002 that it was only abolished for removals under § 1441).

As the December 27, 2019 F&R found, the state court lacked jurisdiction over the Lien Motion—the United States has not waived its sovereign

immunity under 42 U.S.C. § 405(g) where Plaintiffs have not exhausted their administrative remedies against the CMS. *See* ECF No. 22 at PageID #1182-83. And Plaintiffs do not argue that the state court lacks jurisdiction. *See* ECF No. 23 at PageID #1188-90. Instead, they argue that this federal court lacks jurisdiction to consider the question of sovereign immunity. ECF No. 23 at PageID #1188. They point out that the CMS removed the action late—8 days after the 30-day removal period under §1446(b)—as the Magistrate Judge found in the October 29, 2019 F&R. They argue that "the issue of sovereign immunity should not have been considered by the Magistrate Judge where the instant matter was so clearly subject to remand due to its untimely removal." *Id.* at PageID #1190. They thus conclude that "[t]he court was without jurisdiction to decide this affirmative defense." *Id.* They ask the court to adopt the October 29, 2019 F&R and remand the action to state court *without* addressing the motion to dismiss. *Id.* at PageID # 1191.

Plaintiffs' argument, however, plainly fails because procedural violations of the removal statute, such as untimeliness, are not jurisdictional. *See, e.g.*, *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014); *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1028-29 (9th Cir. 2017). That is, even assuming that the action was removed late, such a procedural defect does not mean that this court lacks jurisdiction to consider whether sovereign immunity bars the action. Stated another way, this court has jurisdiction to dismiss the action for lack of subject-

matter jurisdiction based on the derivative jurisdiction doctrine. And the doctrine clearly applies here—because the state court lacks jurisdiction over a federal defendant based on sovereign immunity, this court lacks removal jurisdiction. *See Cox*, 800 F.3d at 1032; *Rodriguez*, 788 F. App'x at 536 ("[I]f a state court lacks jurisdiction over a case, a federal court does not acquire jurisdiction on removal."). Indeed, the federal officer removal statute was enacted for the very purpose of allowing a federal defendant with a colorable federal defense to remove an action from state court to a federal forum for consideration of that defense. *See, e.g.*, *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006).

Accordingly, the court ADOPTS the December 27, 2019 F&R and DISMISSES the action as to the CMS for lack of subject-matter jurisdiction. The October 29, 2019 F&R, and corresponding Motion to Remand, ECF No. 12, are MOOT.[2]

As a final matter, the record reflects that there are other Defendants (Queen's Medical Center, Leon Liem, and Jennifer Moran) who were involved in the case while it was in state court before the CMS removed the action to federal

---

[2] Although the court dismisses the CMS for lack of subject-matter jurisdiction, the court by no means condones the sloppiness demonstrated by government counsel in removing the action late, in missing the filing deadline for its motion for reconsideration, and in failing to raise the derivative-jurisdiction argument much earlier in the proceedings. These failures resulted in additional work for the Magistrate Judge and this court, and unnecessarily complicated this decision.

court. It is unclear whether any aspect of the case remains or whether the case was otherwise final in state court before removal. Nevertheless, the court REMANDS any remaining aspects of the action against other Defendants (besides the CMS) back to state court for lack of subject-matter jurisdiction.

## IV. <u>CONCLUSION</u>

The court ADOPTS the December 27, 2019 Findings and Recommendation to Grant Defendant Centers for Medicare and Medicaid Services' Fed. R. Civ. P. 12(b)(1) Motion to Dismiss, ECF No. 22. The action is DISMISSED for lack of subject-matter jurisdiction as to Defendant Centers for Medicare and Medicaid Services. The remainder of the case is REMANDED to the First Circuit Court for the State of Hawaii.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 4, 2020.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Kim v. Queen's Med. Ctr.*, Civ. No. 19-00463 JMS-WRP, Order Adopting Findings and Recommendation to Grant Defendant Centers for Medicare and Medicaid Services' Motion to Dismiss, ECF No. 22; and Remanding Remaining Action to State Court